IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS,<br><br>            Plaintiff,<br><br>v.<br><br>COLLEEN SHOGAN, *in her official capacity as Archivist of the United States*;<br><br>            Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

The National Archives and Records Administration ("NARA") gives notice of removal of all proceedings in *In the Matter of Request for Out-of-State Records: Archivist Colleen Shogan*, No. 2024 CSPSLO 000183 (D.C. Super. Ct.). This Notice is filed pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(d)(1), and states the following:

1. This removed state-court matter involves a third-party request for information from NARA related to Mark Meadows' tenure as the former Chief of Staff to the President of the United States. Mr. Meadows seeks to use that information in *Georgia v. Trump*, which charges Mr. Meadows, among others, with conspiring to change the outcome of the 2020 presidential election by taking certain acts in furtherance of that conspiracy during his tenure as Chief of Staff to the President of the United States. *See* Indictment, *Georgia v. Trump*, No. 23SC188947 (Aug. 14, 2023 Ga. Sup. Ct., Fulton Cnty.). NARA is not a party to that underlying prosecution.

2. By letter dated May 13, 2024, Mr. Meadows requested that NARA produce the following records, or alternatively provide testimony relating to the following records:

- "Any and all official records . . . created or received by Mark R. Meadows" from March 31, 2020 to January 20, 2021, *see* Attachment A to Petition for Certificate of Need to Secure Testimony and/or Production of Documents ¶ 1, *State of Georgia v. Trump*, No. 23-SC-188947 (Mar. 13, 2024 Ga. Sup. Ct., Fulton Cnty.) (attached as Exhibit 1);

1

- "Any and all official records from the Executive Office of the President . . . relating to the transition of presidential administrations" from November 4, 2020, to January 20, 2021, *id.* ¶ 2;

- "Emails and text messages" of seven specified officials within the Executive Office of the President from November 4, 2020, to January 20, 2021, *id.* ¶ 6;

- "Any and all emails and texts messages between the Office of the Chief of Staff and the Department of Justice," *id.* ¶ 11, the Acting Secretary of Defense, or the Chief of Staff to the Acting Secretary of Defense, *id.* ¶ 12, from November 4, 2020, to January 20, 2021;

- "Phone logs" of calls between the Chief of Staff's Office and "internal calls from the White House switchboard," "the White House Situation Room," "Air Force One," and "remote vehicle phones" from November 4, 2020, to January 20, 2021, *id.* ¶¶ 3–5;

- White House visitor logs from November 4, 2020, to January 20, 2021, *id.* ¶ 10;

- "Calendars and internal schedules for the President of the United States, Vice President of the United States and National Security Advisor" from November 4, 2020, to January 20, 2021, *id.* ¶ 9; and

- "Air Force One's manifest" and "[r]ecords relating to Air Force One's allocation of costs associated with official and non-official duties" from March 31, 2020, to January 20, 2021, *id.* ¶¶ 7–8.

*See* Ltr. From J. Moran, McGuire Woods LLP, to C. Shogan, NARA, & J. Smith, Department of Justice (May 13, 2024) (attached as Exhibit 2).

3. Mr. Meadows' letter attached a "Certificate of Need to Secure Testimony and/or Production of Documents" issued by the Superior Court of the State of Georgia, dated March 13, 2024, which purported to find that NARA "possesses material documents to Defendant Meadows' defenses in" *Georgia v. Trump*. *See* Certificate of Need to Secure Testimony and/or Production of Documents ¶ 3, *Georgia v. Trump*, No. 23-SC-188947 (Mar. 13, 2024 Ga. Sup. Ct., Fulton Cnty.) (attached as Exhibit 3).

4. On June 5, 2024, NARA issued a letter denying Mr. Meadows' request for records or testimony. *See* Ltr. from C. Snyder, Department of Justice, to J. Moran, McGuireWoods LLP (June 5, 2024) (attached as Exhibit 4). That letter first explained that the state court does not have

jurisdiction to order production of the requested records or testimony because the United States has not waived sovereign immunity. *See id.* at 2. The letter further explained that, to the extent Mr. Meadows sought Presidential records, his request failed to comply with the process mandated by the Presidential Records Act (PRA), 44 U.S.C § 2201 *et seq.*, and NARA's implementing regulations, 36 C.F.R. § 1270.38 *et seq.*, because it was not a "subpoena or other judicial process issued" by a federal court, 44 U.S.C § 2205(2)(A). *See id.* Finally, the letter explained that, to the extent Mr. Meadows sought testimony, his request was denied pursuant to NARA's *Touhy* regulations[1] because it was unreasonable and oppressive, sought testimony related to records not within NARA's custody or control, and sought privileged information. *See id.* at 2–5.

5. On June 3, 2024, Mr. Meadows apparently commenced *In the Matter of Request for Out-of-State Records: Archivist Colleen Shogan*, No. 2024 CSPSLO 000183 (D.C. Super. Ct.) (hereinafter "*In the Matter of Request for Out-of-State Records*"), in the D.C. Superior Court, seeking to secure records in the custody of NARA, or alternatively testimony from NARA regarding such records. *See* Application to Obtain Appearance of Out-of-State Witness or Production of Documents in Lieu of Appearance at 1, *In the Matter of Request for Out-of-State Records* (attached as Exhibit 5).

6. In an order dated June 17, 2024, the D.C. Superior Court purported to direct NARA to appear for a hearing on June 27, 2024, to "show cause, if any be had, why [it] should not be directed by this Court to produce documents in" *Georgia v. Trump*. *See* Show Cause Order at 1, *In the Matter of Request for Out-of-State Records* (attached as Exhibit 6). NARA was not served with this order until June 25, 2024.

7. The United States therefore files this notice of removal of the proceedings in *In the Matter of Request for Out-of-State Records*. "A civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by

---

[1] This nomenclature stems from the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), upholding agencies' authority to promulgate regulations establishing conditions on disclosure of information.

them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1); *see also Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration[.]" (quotation omitted)). "The term[] 'civil action' . . . include[s] any proceeding . . . to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1).

8. This removal is timely because it is filed within 30 days of NARA's receipt of service of the show cause order. 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(g).

9. As required by 28 U.S.C. § 1446(a), a true and accurate copy of all pleadings (Exhibit 5) and orders (Exhibit 6) filed in the D.C. Superior Court are attached hereto.

10. This Notice of Removal will be promptly filed with the clerk of the D.C. Superior Court, and written notice thereof will be given to counsel for the parties. *See* 28 U.S.C. § 1446(d). A true and accurate copy of the Notice of Filing of Notice of Removal filed with the D.C. Superior Court is attached as Exhibit 7.

11. The United States plans to file a motion seeking appropriate relief in this Court within 21 days of this Notice of Removal, or any earlier time set by this Court.

WHEREFORE, the action now pending in the D.C. Superior Court is properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 1442(d)(1), and 28 U.S.C. § 1446.

\* \* \*

Dated: June 26, 2024                                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Director
Federal Programs Branch

CASSANDRA SNYDER
DC Bar #1671667
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel (202) 451-7729
Email:  cassandra.m.snyder@usdoj.gov

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    /s/ Dedra S. Curteman
DEDRA S. CURTEMAN, D.C. Bar #90021492
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Counsel for Defendant*

5