# Exhibit 5

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION, SPECIAL PROCEEDINGS BRANCH

*In the Matter of*

COLLEEN SHOGAN, *in her official*
*capacity as Archivist of the United States,*

National Archives & Records Administration
700 Pennsylvania Avenue, NW
Washington, DC 20408,

    and

JACK SMITH, *in his official capacity as*
*Special Counsel,*

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530,

        *Respondents.*

No. 2024 CSPSLD 000183

## APPLICATION TO OBTAIN APPEARANCE OF OUT-OF-STATE WITNESS
## OR PRODUCTION OF DOCUMENTS IN LIEU OF APPEARANCE

Applicant Mark R. Meadows submits this application, pursuant to D.C. Code § 23-

1502(a), to secure the testimony of Respondents Colleen Shogan, Archivist of the United States,

and Jack Smith, Special Counsel, as custodians of records or the production of documents in lieu

of testimony in response to a Certificate of Need issued under the Uniform Act to Secure the

Attendance of Witnesses from Without a State in Criminal Proceedings by Judge Scott McAfee

of the Superior Court of Fulton County, Georgia, in connection with *State v. Trump*, No.

23SC188947.[1] Prior to filing this application, counsel for Mr. Meadows submitted a written

request to Respondents for authorization to produce consistent with *United States ex rel. Touhy*

---

[1] Pursuant to Rule 10-I(b)(2), service will be accepted on behalf of Mr. Meadows in connection
with this matter by undersigned counsel, John S. Moran, of McGuireWoods LLP.

*v. Ragen*, 340 U.S. 462 (1951)—without conceding that *Touhy* authorization is required to compel production. A copy of that letter request is attached as Exhibit 1, and a copy of the Certificate of Need is attached as Exhibit 2. The Certificate of Need also incorporates by reference Exhibits A and B to Mr. Meadows's petition in the Georgia Court; a copy of the petition and those exhibits is attached as Exhibit 3.

Mr. Meadows previously filed an application in the Civil Division of the D.C. Superior Court in Case No. 2024-CAB-2998. On May 16, 2024, the Court dismissed the application without prejudice and directed "[a]n application pursuant to D.C. Code § 23-1502 must be filed in the Special Proceedings Branch of the Criminal Division of the Superior Court of the District of Columbia." A copy of that order is attached as Exhibit 4.

Under D.C. Code § 23-1502(a), the Court should "fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing." The purpose of that hearing is to determine whether "the witness is material and necessary, that it will not cause undue hardship to the witness to attend and testify in the prosecution or grand jury investigation in the requesting State, and that the laws of such State and of any other State through which the witness may be required to pass by ordinary course of travel, will give to him protection from arrest and the service of civil and criminal process." *Id.* § 23-1502(b). If the Court makes those findings at the hearing, it "shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the prosecution or grand jury investigation, as the case may be, at a time and place specified in the summons." *Id.* In this proceeding, "the certificate shall be prima facie evidence of all the facts stated therein." *Id.*

In further support of the application, Mr. Meadows states as follows based on the facts stated in the Certificate of Need:

2

1.      Mr. Meadows is a defendant in *State v. Trump*, No. 23SC188947 (Ga. Sup. Ct., Fulton Cnty.).

2.      The case "has yet to be set for trial," and "[t]here are several pretrial motions pending, including Defendant Mark R. Meadows' Motion to Dismiss Based on Supremacy Clause Immunity." Certificate (Ex. 2), ¶ 1.

3.      "Defendant Meadows is charged with one count of Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) and one count of the Georgia Solicitation to Violation of Oath of Office," Certificate (Ex. 2), ¶ 2, though the latter count has been dismissed.

4.      The Superior Court in Georgia has found "that Colleen Shogan, as the Archivist and a custodian of records of the National Archives and Records Administration (NARA), 700 Pennsylvania Avenue, NW, Washington, DC 20408 United States; and Jack Smith, as Special Counsel and a custodian of records of the Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530, possess material documents to Defendant Meadows' defenses." Certificate (Ex. 2), ¶ 3.

5.      "Ms. Shogan, or any other custodian of records designated by NARA, and Mr. Smith, or any other custodian of records designated by the DOJ, possess official records and other documents (listed in full in Exhibit A and Exhibit B of [Exhibit 3])." Certificate (Ex. 2), ¶ 4.

6.      "[T]he documents described in Exhibit A and Exhibit B to the Petition are material and directly relevant not only to Defendant Meadows' defense of immunity under the Supremacy Clause of the U.S. Constitution, but also to his substantive defenses to the government's charges." Certificate (Ex. 2), ¶ 5.

7.      "[A]ny in-court testimony of Ms. Shogan, Mr. Smith, or any other designated custodian of records of either NARA or the DOJ would be obviated by a full production of the documents sought by Defendant Meadows in Exhibit A and Exhibit B of [Exhibit 3] to his counsel of record in [the Georgia] case: James D. Durham, Griffin, Durham, Tanner & Clarkson, LLC, 104 W. State Street, Suite 200, Savannah, Georgia 31401, (912) 867-9141, jdurham@griffindurham.com." Certificate (Ex. 2), ¶ 6.

8.      "The documents will not be cumulative of any other evidence in this matter." Certificate (Ex. 2), ¶ 7.

9.      "Should Ms. Shogan, Mr. Smith or any other NARA or DOJ designated custodian of records desire to testify, rather than producing the documents sought in lieu of testimony, their testimony would not be anticipated to exceed one day." Certificate (Ex. 2), ¶ 8.

10.     "Should testimony become necessary, rather than producing the documents sought in lieu of testimony, Defendant Meadows will pay all reasonable and necessary travel expenses and witness fees required to secure the witness' attendance and testimony, in accordance with O.C.G.A. § 24-13-90 *et seq*." Certificate (Ex. 2), ¶ 9.

11.     "Should testimony become necessary, rather than producing the documents sought in lieu of testimony, Ms. Shogan, Mr. Smith or any other NARA or DOJ designated custodian of records shall be given protection from arrest and from service of civil or criminal process, both within this state and in any other state through which the witnesses may be required to pass in the ordinary course of travel, for any matters which arose before their entrance into this State and other states, while traveling to and from this Court for the purpose of testifying for this case." Certificate (Ex. 2), ¶ 10.

4

12.     "The State of Georgia is a participant in a reciprocal process providing for the securing of witnesses to testify in foreign jurisdictions, which likewise provide for such methods of securing witnesses to testify and to produce records in their courts." Certificate (Ex. 2), ¶ 11.

For the foregoing reasons, Mr. Meadows respectfully asks, pursuant to D.C. Code § 23-1502, the Court set a hearing and order Respondents to appear.

Dated: June 3, 2024                                    Respectfully submitted,



**TERWILLIGER LAW PLLC**

George J. Terwilliger III                              John S. Moran
P.O. Box 74                                                 (DC Bar No. 1014598)
Delaplane, VA 20144                               888 16th Street, NW
(202) 255-0553                                          Washington, D.C.  20006
*george@gjt3law.com*                            Tel:  (202) 525-0356
                                                              Fax:  (202) 857-1737
                                                              *jmoran@mcguirewoods.com*

5