IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS,<br><br>               Plaintiff,<br><br>    v.<br><br>COLLEEN SHOGAN, *in her official capacity as Archivist of the United States*;<br><br>               Defendant. | Case No. 1:24-cv-01856-TJK |

**UNITED STATES' MOTION TO QUASH
STATE COURT ORDER TO SHOW CAUSE**

**INTRODUCTION**

This action, removed pursuant to 28 U.S.C. § 1442(a)(1), arises from the D.C. Superior Court order purporting to require the National Archives and Records Agency ("NARA") to show cause why it should not be ordered to produce records and testimony in response to a state court subpoena in *In the Matter of Colleen Shogan*, No. 2024 CSPSLD 000183 (D.C. Super. Ct.). In the absence of a waiver of sovereign immunity, the D.C. Superior Court lacked authority to order NARA to justify its decision under the Presidential Records Act ("PRA"), 44 U.S.C § 2201 *et seq.*, and NARA's implementing regulations, 36 C.F.R. § 1270.38 *et seq.*, not to produce the subpoenaed records and testimony. Because this Court's jurisdiction is derivative of the D.C. Superior Court's jurisdiction, this Court also cannot compel NARA to do so. Accordingly, this Court should quash the state court's order.

1

## BACKGROUND

Mr. Meadows is a named defendant in *Georgia v. Trump*, No. 23SC188947 (Ga. Sup. Ct., Fulton Cnty.), a state prosecution in Georgia Superior Court. That prosecution charges Mr. Meadows, among others, with conspiring to change the outcome of the 2020 presidential election by taking certain acts in furtherance of that conspiracy during his tenure as Chief of Staff. *See* Indictment, *Georgia v. Trump*, No. 23SC188947 (Aug. 14, 2023 Ga. Sup. Ct., Fulton Cnty.).

By letter dated May 13, 2024, Mr. Meadows requested that NARA produce the following records, or alternatively provide testimony relating to the following records, for Mr. Meadows' use in *Georgia v. Trump*:

- "Any and all official records . . . created or received by Mark R. Meadows" from March 31, 2020 to January 20, 2021, *see* Attachment A to Petition for Certificate of Need to Secure Testimony and/or Production of Documents ¶ 1, *Georgia v. Trump*, No. 23-SC-188947 (Mar. 13, 2024 Ga. Sup. Ct., Fulton Cnty.) (attached as Exhibit 1);

- "Any and all official records from the Executive Office of the President . . . relating to the transition of presidential administrations" from November 4, 2020, to January 20, 2021, *id.* ¶ 2;

- "Emails and text messages" of seven specified officials within the Executive Office of the President from November 4, 2020, to January 20, 2021, *id.* ¶ 6;

- "Any and all emails and texts messages between the Office of the Chief of Staff and the Department of Justice," *id.* ¶ 11, the Acting Secretary of Defense, or the Chief of Staff to the Acting Secretary of Defense, *id.* ¶ 12, from November 4, 2020, to January 20, 2021;

- "Phone logs" of calls between the Chief of Staff's Office and "internal calls from the White House switchboard," "the White House Situation Room," "Air Force One," and "remote vehicle phones" from November 4, 2020, to January 20, 2021, *id.* ¶¶ 3–5;

- White House visitor logs from November 4, 2020, to January 20, 2021, *id.* ¶ 10;

- "Calendars and internal schedules for the President of the United States, Vice President of the United States and National Security Advisor" from November 4, 2020, to January 20, 2021, *id.* ¶ 9; and

- "Air Force One's manifest" and "[r]ecords relating to Air Force One's allocation of costs associated with official and non-official duties" from March 31, 2020, to January 20, 2021, *id.* ¶¶ 7–8.

*See* Ltr. From J. Moran, McGuire Woods LLP, to C. Shogan, NARA, & J. Smith, Department of Justice (May 13, 2024) (attached as Exhibit 2). Mr. Meadows' letter attached a "Certificate of Need to Secure Testimony and/or Production of Documents" issued by the Georgia Superior Court, dated March 13, 2024, which purported to find that NARA "possesses material documents to Defendant Meadows' defenses in" *Georgia v. Trump*. *See* Certificate of Need to Secure Testimony and/or Production of Documents ¶ 3, *Georgia v. Trump*, No. 23-SC-188947 (Mar. 13, 2024 Ga. Sup. Ct., Fulton Cnty.) (attached as Exhibit 3).

On June 5, 2024, NARA issued a letter denying Mr. Meadows' request for records or testimony. *See* Ltr. from C. Snyder, Department of Justice, to J. Moran, McGuireWoods LLP (June 5, 2024) (attached as Exhibit 4). That letter first explained that the state court does not have jurisdiction to order production of the requested records or testimony because the United States has not waived sovereign immunity. *See id.* at 2. The letter further explained that, to the extent Mr. Meadows sought Presidential records, his request failed to comply with the process mandated by the PRA, 44 U.S.C § 2201 *et seq.*, and NARA's implementing regulations, 36 C.F.R. § 1270.38 *et seq.*, because it was not a "subpoena or other judicial process issued" by a federal court, 44 U.S.C § 2205(2)(A). *See* Ex. 4 at 2. Finally, the letter explained that, to the extent Mr. Meadows sought testimony, his request was denied pursuant to NARA's *Touhy* regulations, *see* 36 C.F.R. § 1251 *et seq.*, because it was unreasonable and oppressive, sought testimony related to records not within NARA's custody or control, and sought privileged information, *see* Ex. 2 at 2–5.

On June 3, 2024, Mr. Meadows apparently commenced *In the Matter of Colleen Shogan*, No. 2024 CSPSLD 000183 (D.C. Super. Ct.), in the D.C. Superior Court, seeking to secure records

3

in the custody of NARA, or alternatively testimony from NARA regarding such records. *See* Application to Obtain Appearance of Out-of-State Witness or Production of Documents in Lieu of Appearance at 1, *In the Matter of Colleen Shogan* (attached as Exhibit 5). By order dated June 17, 2024, the D.C. Superior Court purported to direct NARA to appear for a hearing on June 27, 2024, to "show cause, if any be had, why [it] should not be directed by this Court to produce documents in" *Georgia v. Trump*. *See* Show Cause Order at 1, *In the Matter of Colleen Shogan* (attached as Exhibit 6).

On June 26, NARA removed the D.C. Superior Court action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(d)(1). *See* Notice of Removal at 1, ECF No. 1; *see also* Errata Notice of Removal at 1, ECF No. 3. Following notice of such removal in *In the Matter of Colleen Shogan*, the D.C. Superior Court entered an order purporting to dismiss the case and vacate the order to show cause.[1] *See* Order, *In the Matter of Colleen Shogan*, No. 2024 CSPSLD 000183 (June 27, 2024 D.C. Super. Ct.) (attached as Exhibit 7).

## ARGUMENT

This Court lacks jurisdiction over this removed subpoena enforcement action because the D.C. Superior Court lacked jurisdiction. The jurisdiction of a federal court in a proceeding removed under 28 U.S.C. § 1442 is purely derivative of that of the state court in whose shoes it stands. *See Houston Business Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). Thus, "[i]f a State court lacks subject matter

---

[1] Once a notice of removal is filed, any order issued thereafter has no effect unless and until the case is remanded. *See Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020); 28 U.S.C. § 1446(d) (providing that, after removal, "the State court shall proceed no further unless and until the case is remanded"). Accordingly, the D.C. Superior Court's order purporting to dismiss the case had no effect.

jurisdiction over a suit, the federal court likewise lacks jurisdiction over the suit upon removal." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014). That is true "*even if* the federal court would have possessed original jurisdiction over the matter had it been filed there in the first place." *See James v. USPS*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020).[2]

The question before this Court, then, is whether the D.C. Superior Court had jurisdiction over the action. *See id*. The D.C. Superior Court did not. The United States and its agencies are immune from suit absent an explicit waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Absent such a waiver, courts lack jurisdiction over the United States. *See id*. Mr. Meadows does not and cannot cite to a waiver of sovereign immunity allowing a state court to enforce a subpoena against the Federal Government. *See Houston Business Journal, Inc.*, 86 F.3d at 1211 ("In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."); *see also, e.g.*, *In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) ("A state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity."); *Est. of Pal v. Barcode Corp.*, No. 19-mc-109-CKK, 2019 WL 4709902, at *2 (D.D.C. Sept. 26, 2019); *Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006). Because the D.C. Superior Court lacked jurisdiction over the action, this Court lacks subject matter jurisdiction upon removal. *See James*, 484 F. Supp. 3d at 4. Accordingly, this Court should quash the state court's unlawful order.

---

[2] While Congress has abrogated the derivative-jurisdiction doctrine for removals under 28 U.S.C. § 1441, Congress has not abrogated the doctrine for removals under § 1442(a)(1). *See Merkulov*, 75 F. Supp. 3d at 130.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court quash the D.C. Superior Court's June 17, 2024 order.

Dated: July 16, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Director
Federal Programs Branch

/s/ *Cassandra Snyder*
CASSANDRA SNYDER
DC Bar #1671667
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel (202) 451-7729
Email:  cassandra.m.snyder@usdoj.gov

*Counsel for Defendant*

**Certificate of Service**

I hereby certify that on July 16, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Cassandra M. Snyder*
**Cassandra M. Snyder**
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch