IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MEADOWS,

        Plaintiff,

    v.

COLLEEN SHOGAN, *in her official capacity as Archivist of the United States*;

        Defendant.

Case No. 1:24-cv-01856-TJK

**UNITED STATES' REPLY IN SUPPORT OF MOTION
TO QUASH STATE COURT ORDER TO SHOW CAUSE**

    This Court should quash the D.C. Superior Court's unlawful order directing the National Archives and Records Association ("NARA") to show cause why it should not be ordered to produce the records requested by Plaintiff Mark Meadows. Mr. Meadows concedes, as he must, that sovereign immunity "bars the enforcement of a state subpoena or similar compulsory process against the Federal Government or its officers." Resp. to United States' Mot. to Quash, ECF No. 8 at 1 ("Resp.") (citing *Houston Bus. J., Inc. v. Off. Of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211 (D.C. Cir. 1996)). And Mr. Meadows does not contest that a federal court (here, D.D.C.) lacks jurisdiction over a removed action where the state court (here, D.C. Superior Court) lacked jurisdiction. Despite this, Mr. Meadows proffers several alleged reasons why he should be allowed exception to that doctrine. None suffice.

    First, Mr. Meadows' assertion that he "has no choice but to seek materials necessary to his defense" pursuant to the state-court process, Resp. at 2, fundamentally misunderstands the proper procedure for a state-court litigant to seek records or testimony from the Government. *See Houston*

1

*Bus. J., Inc.*, 86 F.3d at 1213.  As the Government already explained to Mr. Meadows in response to his initial subpoena request to NARA, *see* Ltr. From C. Snyder to D. Warrington (June 5, 2024), ECF No. 3-5 at 2–3, Mr. Meadows may seek the requested records by obtaining a subpoena that has been "issued" by a federal court pursuant to the Presidential Records Act, *see* 44 U.S.C § 2205(2)(A); 36 C.F.R. § 1270.44(a)(1), or alternatively he may seek the requested testimony from NARA via administrative request, *see* 36 C.F.R. § 1251 *et seq*.  The subpoena enforcement power of the state courts is not available in such circumstance.  *See Houston Bus. J., Inc.*, 86 F.3d at 1213.

Relatedly, it is immaterial that Mr. Meadows allegedly sought relief in the D.C. Superior Court at the direction of the Georgia Superior Court.  *See* Resp. at 1.  As the Government has explained, *see* United States' Mot. to Quash State Ct. Or. to Show Cause, ECF No. 6 at 5 ("Mot."), state courts lack jurisdiction to direct the United States to produce records or provide testimony, *see Houston Business Journal, Inc.*, 86 F.3d at 1211.  What Mr. Meadows believed the Georgia Superior Court directed him to do, or what process D.C. or Georgia state law provides for, is not relevant to this matter.

Mr. Meadows suggests that it would be unfair for this Court to quash the state-court order.  He notes that the requested records relate to his own tenure as Chief of Staff, to which records he "would still have access" "[h]ad he been an ordinary citizen acting in a non-official capacity."  Resp. at 2.  But Mr. Meadows was not a private citizen; instead, he is seeking an order directing a federal agency to produce federal records related to official conduct.  That is precisely why he cannot obtain relief via state process.  *See Houston Business Journal, Inc.*, 86 F.3d at 1211.  Mr. Meadows also argues that he would have been entitled to obtain the requested records had he been prosecuted in a federal court.  *See* Resp. at 2–3.  But this, too, is beside the point.  The underlying

case, *Georgia v. Trump*, No. 23SC188947 (Ga. Sup. Ct., Fulton Cnty.), is a state prosecution. Thus, as Mr. Meadows acknowledges, the Government has no obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or Federal Rule of Criminal Procedure 16. Moreover, Mr. Meadows provides no reason to think that the requested records or testimony are exculpatory pursuant to *Brady* or Rule 16. In any event, generalized assertions of fairness cannot overcome sovereign immunity or create subject matter jurisdiction here.

Mr. Meadows further states that if this Court dismisses the proceedings then he "will take up the matter further in the [Georgia] Superior Court, or in the federal district court if the remand order is overturned." Resp. at 3. Sovereign immunity will likewise bar the Georgia Superior Court from directing the Government to produce records or provide testimony, for all the same reasons that sovereign immunity bars the D.C. Superior Court from doing the same. *See* Mot. at 4–5. Should Mr. Meadows attempt to refile in another state court seeking an order directing the Government to produce records, the Government would expect to again remove those proceedings and move to quash any state-court orders as necessary. *See id*.

Finally, Mr. Meadows notes that he has filed on the docket of this case summons to Special Counsel Jack Smith, *see* Resp. at 3 n.2, and has purported to add Mr. Smith as a party to this litigation, *see id.* at 1 (adding Mr. Smith to caption). For all the same reasons explained in Defendants' motion to quash, this Court lacks jurisdiction over this action, regardless of whom Mr. Meadows attempts to add. *See* Mot. at 4–5. The D.C. Superior Court lacked jurisdiction over the action prior to removal, so this Court lacks subject matter jurisdiction upon removal. *See James v. USPS*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020). In any event, Mr. Meadows has not properly served Mr. Smith. As of the date of this filing, Mr. Meadows has not effected proper service "by

registered or certified mail" to Mr. Smith, the Department of Justice, or the U.S. Attorney for the District of D.C.  Fed. R. Civ. P. 4(i).

    For the foregoing reasons, Defendants respectfully request that the Court quash the D.C. Superior Court's June 17, 2024 order.

Dated:  August 7, 2024                      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Assistant Director
Federal Programs Branch

/s/ *Cassandra Snyder*
CASSANDRA SNYDER
DC Bar #1671667
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel (202) 451-7729
Email:  cassandra.m.snyder@usdoj.gov

*Counsel for Defendant*

**Certificate of Service**

I hereby certify that on August 7, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Cassandra M. Snyder*
**Cassandra M. Snyder**
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
