UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MEADOWS,

    *Plaintiff*,

v.

COLLEEN SHOGAN *in her official capacity as Archivist of the United States* et al,

    *Defendants*.

Civil Action No. 24-1856 (TJK)

## ORDER

Mark Meadows brought this action in D.C. Superior Court to seek records from the National Archives and Records Agency ("NARA") related to his tenure as the former Chief of Staff to the President of the United States. He seeks evidence that he asserts is important to his defense in *Georgia v. Trump*, No. 23-SC-188947 (Ga. Sup. Ct., Fulton Cnty.), the state prosecution against him for his conduct relating to the 2020 presidential election.[1] After the Superior Court directed NARA to show cause why it should not be ordered to produce those records, NARA removed this action to federal court under 28 U.S.C. § 1442(a)(1) and (d)(1). ECF No. 1; *see also* ECF No. 3-1. NARA now moves to quash the Superior Court's order. ECF No. 6.

This Court's jurisdiction over a case removed under § 1442 is derivative of the state court's. *See Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211–12 (D.C. Cir. 1996). Thus, "[i]f a State court lacks subject matter jurisdiction

---

[1] Meadows asserts that he sued NARA in D.C. Superior Court at the direction of the Fulton County Superior Court, which ordered him to follow "the procedures of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, which both Georgia and the District of Columbia have enacted." ECF No. 8 at 1.

over a suit, the Federal court likewise lacks jurisdiction over the suit upon removal, even if the Federal court would have maintained jurisdiction in a like suit originally brought there." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (internal quotation marks and citation omitted); *see also James v. U.S. Postal Serv.*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020).  The Superior Court lacked jurisdiction over this action brought against a federal agency absent a waiver of sovereign immunity.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Meadows does not identify any waiver and, to the contrary, concedes that "[t]he Court may ultimately agree with the United States that sovereign immunity bars the D.C. Superior Court action to compel the production of documents from NARA and the Office of the Special Counsel."  ECF No. 8 at 3; *see id.* at 1 ("Mr. Meadows acknowledges that, under governing D.C. Circuit precedent, sovereign immunity generally bars the enforcement of a state subpoena or similar compulsory process against the Federal Government or its officers.").  The Court cannot bypass this jurisdictional defect to reach the merits.  *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).  Instead, as Meadows himself suggests, his right to pursue evidence helpful to his defense appears to lie "in the underlying criminal proceeding."  ECF No. 8 at 3.

For these reasons, it is hereby **ORDERED** that this case is **DISMISSED** for lack of subject-matter jurisdiction.[2]

**SO ORDERED.**

---

[2] Meadows also added Special Counsel Jack Smith as a party and asked the Court to "allow for service and for an opportunity for Special Counsel Smith to join the pending Motion to Quash." ECF 8 at 3 n.2. Smith has since been served, *see* ECF No. 13, but has not joined NARA's motion. Still, the Court will dismiss the case in full, as the jurisdictional defect applies equally to Smith. *See, e.g.*, *Geronimo v. Obama*, 725 F. Supp. 2d 182, 187 (D.D.C. 2010) (dismissing complaint sua sponte as to non-moving defendants because one basis for dismissal applied equally to all defendants).

3

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 22, 2024